Green, J.
delivered the opinion of the court.
The charge of the judge indicates that his understanding of the operation of the act of 1801, c 25, is, that the negro having been possessed by Harris for more than five years^ became his property. For if the property were not vested in Harris, there was no reason for telling the jury that it would require a possession of the slave three years by Dow-ell, in order to give him. a title better than that of a purchaser from Harris. But this couit has decided in the case of Andrew vs. Hartsfield, 3 Yer. Rep. 40, and Walker vs. Wynn, 3 Yer. Rep. 13, that (he third section of the act of 1801, c 25, “applies only as between the lender and borrower, and saves the right of the former to reclaim and recover the property loaned.” Although, therefore, for the benefit of creditors and purchasers, if a verbal loan be made, and the borrower retain possession for five years, the property shall be deemed to be with the possession, still the borrower himself has acquired no title that he can set up against the lender.
Hence it follows, as decided by this court, in the case of Walker vs Wynn, that if the person who made the loan, regain possession and hold the property bona fid', for himself, and afterwards make another loan of the same property to the same person, he does not forfeit his right to creditors or purchasers who become such, after said second loan, unless the property be held five years by the loanee, front the date of said second loan. Nor is it required that- the owner shall have any particular length of possession, in order that his title may be thus preserved. It is sufficient if he has the property back, in his possession, holding it bona fide as his own.
The chaige of the court in this case, that Dowell must *491 have held possession oi the negro three years, or Ins title ,, ‘ , . & ; ’ . . would not be good against the purcnaser from Harris, is erroneous. Ifeverse the judgment and remand the cause for another trial.
Judgment reversed.